**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PUSHPA BISARYA, | DOCKET NUMBER |
| Appellant, | DE-0752-13-1939-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: August 19, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pushpa Bisarya, Ballwin, Missouri, pro se.

Moira McCarthy, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed a Board appeal alleging that her retirement from the position of Medical Officer (Emergency Medicine) was involuntary. *See* Initial Appeal File (IAF), Tab 5 at 1, Tab 10 at 16, Tab 14 at 5. The appellant alleged that she had no choice but to retire after her supervisor gave her a minimally successful performance review and threatened her with a 4-month reassignment to a unit where she would have to perform work that she was not hired to do under the supervision of a Physician's Assistant with whom she had a poor working relationship. *See* IAF, Tab 1 at 1-8, 113-14. The appellant claimed that her supervisor's actions were in retaliation for her refusal to lend her $200 for her daughter over a year prior to the incidents at issue in the instant appeal. *Id.* at 5-6, 113; IAF, Tab 14 at 2-3.

¶3 After holding a status conference, the administrative judge assigned to the case at the time issued an order which advised the appellant that she would not be entitled to a hearing unless she made nonfrivolous allegations that brought her

retirement within the Board's jurisdiction.[2]  *See* IAF, Tab 5 at 2-4.  Further, the order explicitly set forth the pleading requirements to establish involuntariness on the basis of coercion.  *Id.* at 2.  After providing the parties with the opportunity to provide evidence and argument regarding the appellant's claim, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding a hearing.  IAF, Tab 15, Initial Decision (ID) at 1, 7.

¶4      The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.   The agency has responded in opposition to the petition for review.  PFR File, Tab 3.

The appellant has not made a nonfrivolous allegation that her decision to retire was coerced.

¶5      The appellant bears the burden of proving by preponderant evidence that the matter she is appealing is within the Board's authority to review.  *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 11, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), *cert. denied*, 133 S. Ct. 414 (2012); 5 C.F.R. § 1201.56(a)(2)(i).  A retirement is an action presumed to be voluntary and not appealable to the Board unless the appellant presents sufficient evidence to establish that the retirement was obtained through duress or coercion, or shows that a reasonable person would have been misled by the agency.  *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 10 (2008).   An appellant is entitled to a jurisdictional hearing only if she makes nonfrivolous allegations that her retirement was involuntary.  *Id.*, ¶ 11.

¶6      The doctrine of coercive involuntariness is a narrow one. *Brown*, 115 M.S.P.R. 609, ¶ 10 (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).  Thus, an employee must show that the agency effectively imposed the terms of her retirement, that the employee had no realistic alternative but to retire, and that the employee's retirement was the result of

---

[2] The case was subsequently reassigned to the administrative judge who issued the initial decision.  IAF, Tab 9.

improper acts by the agency. *Id.* The issue is whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to retire. *Id.*

¶7 On February 7, 2013, the appellant's supervisor met with the appellant to discuss her 2012 performance appraisal, and she provided the appellant with a copy of the evaluation that indicated a rating of minimally successful. IAF, Tab 1 at 23-29, Tab 12 at 13-15. The appellant claimed she had no notice that there were any issues with her work, thus, she alleged that it was "obvious" that her supervisor had ulterior motives for the poor rating. IAF, Tab 1 at 2-3. The appellant's supervisor also detailed the appellant to Express Care within the Emergency Department for a period not to exceed 120 days, effective March 1, 2013, through June 28, 2013. *Id.* at 22; IAF, Tab 12 at 15. The appellant alleged that her performance appraisal and reassignment were reprisal for her previous refusal to lend her supervisor $200. IAF, Tab 1 at 5-6.

¶8 On June 20, 2013, the appellant's supervisor met with the appellant and her union representative. *Id.* at 76. Subsequently, the appellant's supervisor revised the appellant's performance appraisal and gave her an overall rating of fully successful. IAF, Tab 1 at 79, Tab 12 at 15-16. The appellant's rating remained minimally successful only in one critical element. IAF, Tab 1 at 80, Tab 12 at 15. In addition, her supervisor gave her a letter of reference. IAF, Tab 1 at 85, Tab 12 at 16.

¶9 The appellant's supervisor did not reverse her decision to assign the appellant to Express Care. IAF, Tab 12 at 16. As explained by the appellant, working with the Director of Express Care in the past had been "very challenging" and she was "appalled" that she would have to work with him. IAF, Tab 1 at 3. The appellant alleged that her supervisor forced her to retire because "[e]ither I work with the man who already made my life hell earlier and get fired or I retire . . . . [He] . . . absolutely surely would have played game[s] with me

and get me fired." IAF, Tab 14 at 5. The appellant stated that, in 2007, she was hired solely to work in the emergency room and not in Express Care. *See* IAF, Tab 1 at 3-4.

¶10 The appellant alleged that during the June 20, 2013 meeting she asked her supervisor if she remembered asking the appellant for $200 for her daughter and that her supervisor stated that she did remember asking for the loan. *Id.* at 5. In her declaration, the appellant stated that her supervisor asked for the loan in January 2012. IAF, Tab 14 at 1. However, her supervisor indicated in her declaration that she never requested that the appellant give her daughter $200 or any amount of money.[3] IAF, Tab 12 at 13.

¶11 On review, the appellant contends that the reasonable person in her position would have been coerced to retire. *See* PFR File, Tab 1 at 2-3. In addition, the appellant states that she was discriminated against based on her race and color. *Id.* at 2. The administrative judge fully considered these contentions below and correctly determined that they did not establish that the appellant's retirement was coerced. ID at 3-7.

¶12 The appellant's contention that she retired because of her performance appraisal and in anticipation that she would be miserable working in Express Care while on temporary assignment there for 4 months does not show that her retirement was involuntary. The doctrine of coerced involuntariness is not implicated if the employee retires because she does not like a new assignment or a transfer, even if it makes continuation in the job so unpleasant that she feels she has no option but to retire. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121-22 (Fed. Cir. 2013) (citing *Staats*, 99 F.3d at 1124). An employee is not guaranteed a stress-free working environment. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction with work assignments, a

---

[3] The appellant's supervisor indicated that in July 2010 she accepted two payments of $200 each for tutoring services that she provided to the appellant. IAF, Tab 12 at 13.

feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.*

¶13 Although the appellant's supervisor gave the appellant a minimally successful rating under the critical element of productivity and cost, there is no evidence that she threatened the appellant with disciplinary action. Moreover, the appellant's supervisor stated in the appellant's letter of reference, "I recommend her as a reliable doctor." IAF, Tab 1 at 85. A reasonable person in the appellant's position would have contested the performance appraisal, rather than retire. *See Brown*, 115 M.S.P.R. 609, ¶ 15 (instead of retiring based on her speculation that a disciplinary action might occur in the future, the appellant clearly had the option to contest an action she thought was invalid if that occurred). In fact, the appellant successfully challenged her original appraisal.

¶14 On review, the appellant alleged that her supervisor changed her statement regarding the alleged $200 loan request. PFR File, Tab 1 at 2. It is immaterial whether the appellant's supervisor asked for the alleged $200 loan. Even if the appellant's supervisor were motivated by reprisal for the denial of the loan, the appellant still has not shown that a reasonable person in her position would retire.[4]

¶15 The appellant claims that she was discriminated against based on her age, gender, national origin, and race and color. In the context of an alleged involuntary retirement, the Board must consider discrimination allegations only insofar as they relate to the issue of voluntariness. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009). In the instant case, the appellant's allegations of discrimination are vague. *See* IAF, Tab 1 at 60, 113, Tab 14 at 4; PFR File, Tab 1 at 2. Claims of discrimination that are not accompanied by allegations specifying particular acts of discrimination are insufficient to support a prima facie case of involuntariness. *Tripp v. Department*

---

[4] The appellant did not claim reprisal for whistleblower activity and therefore the Board does not have jurisdiction under the Whistleblower Protection Enhancement Act.

*of the Air Force*, [59 M.S.P.R. 458](#), 461 (1993).  Further, even assuming that the agency's alleged actions were discriminatory, the appellant failed to show how those actions coerced her retirement.  *See id.*  Without more, a claim that the agency's actions were motivated by discrimination is not sufficient to establish Board jurisdiction over an alleged constructive removal.  *Conforto*, 713 F.3d at 1120.  We agree with the administrative judge that the Board lacks jurisdiction over the appellant's retirement; thus, the Board lacks jurisdiction over the appellant's discrimination claim.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.